# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LILIA SOLIS-DE PATINO, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. SA-11-CV-428-XR |
| | § | |
| DIRECTOR MICHAEL PITTS, FIELD | § | |
| DIRECTOR, ICE, ET AL., | § | |
| | § | |
| *Respondents*. | | |

## ORDER ON MOTION TO DISMISS

On this date, the Court considered the Government's Motion to Dismiss for Lack of Jurisdiction (docket no. 7), and the Response and Reply thereto. After careful consideration, the Court concludes that it lacks jurisdiction over this habeas petition and grants the motion.

## Background

Petitioner Lilia Solis-de Patino filed an "Emergency Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" seeking to prevent her removal and to obtain an opportunity for "meaningful review" of her immigration case. Petitioner is a citizen of Mexico who entered the United States without inspection "at a young age." She was detained by DHS in 1997 and voluntarily departed the United States in 1997. She attempted to re-enter in 2000, but was detained at the border, and a Border Patrol Officer then completed an Expedited Order of Removal pursuant to 8 U.S.C. § 1225(b)(1)[1] and returned Petitioner to Mexico. The Order of Expedited

---

[1] Section 1225(b)(1) provides, "If an immigration officer determines that an alien (other than an alien described in subparagraph (F)) who is arriving in the United States or is described in clause (iii) is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title, the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution."

1

Removal is dated September 15, 2000, and states that Petitioner was ineligible for admission to the United States because she falsely represented herself to be a United States citizen for the purpose of gaining entry. Shortly thereafter, Petitioner again entered without inspection. Petitioner's husband, a United States citizen, filed an I-130 family application, which was approved, and in 2005 Petitioner presented herself before San Antonio ICE to "complete biometrics." No action was taken to effectuate her removal at that time.

In 2011, Petitioner was arrested for alleged aggravated assault of her husband and was taken to Bexar County Jail. She was released on bond. However, Petitioner was then detained by ICE in front of her house after dropping her children off at school. She was forwarded to the U.S. Marshal's for prosecution for illegal re-entry, but the charges were dismissed. After the federal indictment was dismissed, she was returned to Bexar County Jail to resolve the outstanding state criminal charge.

On May 31, Petitioner filed the instant habeas petition. Petitioner's petition alleges that she is in the custody of DHS via an immigration hold and thus not eligible for state criminal bond, and has been informed that DHS intends to reinstate the prior order of removal, thus negating any other manner to administratively challenge the removal. Petitioner submitted a "Notice of Intent/Decision to Reinstate Prior Order" dated February 24, 2011, which states that DHS intends to reinstate the removal order entered on September 15, 2000 pursuant to INA § 241(a)(5) (8 U.S.C. § 1231(a)(5)).

Petitioner's claims for relief are that: (1) Petitioner's initial detention by DHS was illegal because DHS lacked reasonable suspicion to support her detention; (2) INA § 241(a)(5) is unconstitutional as applied because this matter involves reinstatement of an expedited order of removal rather than an order of removal issued by an Immigration Judge or a stipulated order of removal and thus Petitioner did not receive due process; and (3) the 2000 Order of Expedited

Removal is invalid because it lacked a supervisor's signature. Petitioner contends that reinstatement of an expedited order of removal is impermissible because the alien has no opportunity for a full and fair hearing before a neutral body, and thus such reinstatement violates due process. Petitioner contends that this Court has jurisdiction to review her challenge to the Government's use of an Expedited Order of Removal as a basis for reinstatement.

The Government moves to dismiss the habeas petition for lack of jurisdiction. The Government asserts that, after Petitioner filed this habeas petition, ICE took her back into custody pending her removal, but released her on her own recognizance on June 15, 2011. The Government argues that this Court lacks jurisdiction over the habeas petition because: (1) her release from custody rendered moot her challenge to her initial arrest and request for release from custody; (2) this Court lacks jurisdiction over challenges to the reinstated removal order; and (3) this Court lacks jurisdiction to review Petitioner's claims arising from ICE's decision to commence removal procedures or execute a removal order.

**Analysis**

In May 2005, Congress passed the REAL ID Act, which "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005). The Real ID Act altered the way in which aliens may seek judicial review of administrative orders of removal. *Jean v. Gonzales*, 452 F.3d 392, 396 (5th Cir. 2006). Under the Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]." 8 U.S.C.A. § 1252(a)(5). "[T]he terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section

3

2241 of Title 28, or any other habeas corpus provision." *Id.* Thus, these provisions generally strip the district courts of jurisdiction to review removal orders, via a petition for habeas corpus, leaving review of such orders to the courts of appeals.

However, pursuant to section 1252(e), judicial review is still available in the district courts for certain challenges related to removal orders issued under § 1225(b)(1). Section 1252(e) provides that, "[w]ithout regard to the nature of the action or claim and without regard to the identity of the party or parties bringing the action, no court may enter declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1) of this title except as specifically authorized in a subsequent paragraph of" section 1252(e). 8 U.S.C. § 1252(e)(1).

Section 1252(e)(2) then provides that habeas corpus review is available for "any determination made under section 1225(b)(1)," but this review is "limited to determinations of – (A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under such section, and (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title." 8 U.S.C.A. § 1252(e)(2)(A)-(C). Further, "[i]n determining whether an alien has been ordered removed under section 1225(b)(1) of this title, the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." *Id.* § 1252(e)(5).

Further, under section 1252(e)(3), entitled "challenges on validity of the system," "judicial review of determinations under section 1225(b) of this title and its implementation is available in an action instituted in the United States District Court for the District of Columbia, but shall be limited to determinations of – (i) whether such section, or any regulation issued to implement such section, is constitutional; or (ii) whether such a regulation, or a written policy directive, written policy guidelines, or written procedure issued by or under the authority of the Attorney General to implement such section, is not consistent with applicable provisions of this subchapter or is otherwise in violation of law." 8 U.S.C. § 1252(e)(3).

Thus, when Petitioner was removed in 2000 via the Order of Expedited Removal under § 1225(b)(1), limited avenues of judicial review were available under the provisions of § 1252(e) – specifically, Petitioner could file a habeas petition limited to certain issues under § 1252(e)(2) or a challenge to "the validity of the system" under § 1252(e)(3). These avenues were not pursued. Accordingly, Petitioner was removed. She and then subsequently re-entered without inspection, and the current habeas petition stems from the February 24, 2011 decision to reinstate the 2000 Order of Expedited Removal.

A reinstatement of a prior removal order is governed by § 241(a)(5) of the INA, which provides:

> (5) Reinstatement of removal orders against aliens illegally reentering
>
> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5).

5

In this case, Petitioner's complaint asserts both a direct attack against the reinstatement order, arguing that reinstatement of an expedited order of removal (as opposed to a stipulated order of removal or an order of removal issued by an immigration judge) violates due process because the individual is deprived of the opportunity to apply for any form of discretionary relief before an immigration judge, and a collateral attack against the 2000 expedited removal order, arguing that it was not signed by a supervisor as required by the regulations. *See* 8 C.F.R. § 235.3 (any removal order entered by an examining immigration officer under § 1225(b)(1) must be reviewed and approved by the appropriate supervisor before the order is considered final).

Because this petition stems from a reinstatement of a prior order, the first question that must be addressed is which order is relevant for purposes of review – the 2011 reinstatement order (over which the Court of Appeals would have exclusive jurisdiction) or the underlying 2000 expedited removal order (over which district courts have limited habeas jurisdiction). The Government contends that this case involves only the former, and thus this Court lacks jurisdiction because jurisdiction is exclusively vested in the court of appeals.

Outside the context of expedited removal orders and before passage of the REAL ID Act, the Fifth Circuit has held that a reinstatement order is "a final order of removal" over which the courts of appeals have certain jurisdiction under § 1252(a), but that review is limited to the reinstatement order itself pursuant to § 1231(a)(5), and the court cannot reopen or review the merits of the underlying deportation order. *Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 294-95 (5th Cir. 2002).

After REAL ID, in *Ramirez-Molina v. Ziglar*, 436 F.3d 508, 513 (5th Cir. 2006), the Fifth Circuit held that, even though the petitioner challenged the underlying removal order as invalid, the order subject to direct attack was the order reinstating the prior removal order. *Id.* at 514 n.4. The

6

Court held that the REAL ID Act "allows the courts of appeals to review constitutional and legal claims regarding removal orders even where the Act renders an order otherwise unreviewable." It noted that section 1252(a)(2)(D) states that "[no] other provision of this chapter [(other than this section)] which limits or eliminates judicial review, shall be construed as precluding constitutional claims or claims of law," and that section 1231 "is in the same chapter as § 1252." *Id.* Thus, "[b]ecause § 1231(a)(5) limits judicial review, § 1252(a)(2)(D) prevents its operation in cases . . . in which the validity of an underlying order is questioned on constitutional or legal grounds." *Id.* at 513-514. However, the Court concluded that, in the context of a petition for review of a reinstatement decision, it could review the validity of the underlying removal order only if the petitioner established that there was a gross miscarriage of justice in the initial proceedings. *Id.* at 514. Thus, although the Court converted the petitioner's habeas petition into a petition for review of the reinstatement order, it dismissed for lack of jurisdiction because the petitioner could not show a gross miscarriage of justice.

*Ramirez-Molina* did not involve reinstatement of a prior expedited removal order under § 1225(b)(1), however. The fact that the underlying order here is an expedited removal order issued under § 1225(b)(1) adds two complicating factors: First, section 1252(a) carves out removal orders under § 1225(b)(1) from the class of final orders of removal subject to judicial review via petition for review. *See* 8 U.S.C. § 1252(a) ("Judicial review of a final order of removal (other than an order of removal without a hearing pursuant to section 1225(b)(1) of this title) is governed only by chapter 158 of Title 28, except as provided in subsection (b) of this section [governing petitions for review by the court of appeals] ...."). Second, the limitations on judicial review of § 1225(b)(1) expedited

7

removal orders contained in § 1252(e) apply because it is in the same section as § 1252(a)(2)(D).[2]

Addressing this particular situation and considering a due process claim similar to the one raised by Solis-de Patino, the Ninth Circuit has held that § 1252(a)(2)(D) is subject to the limitations in § 1252(e), which provides that "no court shall have jurisdiction to review" expedited removal orders under § 1225(b)(1) except as provided in subsection 1225(e), and subsection 1225(e) only permits review of expedited removal orders in a habeas corpus petition. *Garcia de Rincon v. Dep't of Homeland Security*, 539 F.3d 1133 (9th Cir. 2008). Thus, the Ninth Circuit held that it was "jurisdictionally barred from [considering the petitioner's] challenge to the ... reinstatement of her expedited removal order" under § 1252(a)(2)(D) and the "gross miscarriage of justice" standard. *Id.* at 1138-39. Because the petitioner's "direct challenge to the reinstated removal order [was] not a habeas petition and [did] not contest her expedited removal order on any of the enumerated permissible grounds in § 1252(e)," the court of appeals had "no jurisdiction to hear it." *Id.* at 1139. The Ninth Circuit further held that both it and the district court lacked jurisdiction to hear the petitioner's habeas petition challenging her expedited removal order because she did not raise any of the three permissible bases for habeas review permitted under § 1252(e)(2).[3] Thus, the Ninth Circuit appears to take the position that a habeas challenge that complies with section 1252(e)(2)

---

[2] Section 1252(a)(2)(D) expressly states that "Nothing in subparagraph (B) or (C), or any other provision of this chapter (*other than this section*) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D) (emphasis added). Section 1225(a)(2), which is in the same section, expressly provides that "no court shall have jurisdiction to review" any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) except as provided in section 1225(e) (limited habeas review).

[3] The Ninth Circuit primarily focused on de Rincon's challenges to the underlying order rather than the reinstatement order. In a footnote, it briefly addressed her argument that the reinstatement process itself deprived her of due process, but concluded that this claim failed on the merits. *Id.* at 1139 n.2. Thus, it appears that the Ninth Circuit would exercise jurisdiction over a challenge to the reinstatement process alone.

8

would still be available for a reinstated expedited removal order, despite the fact that the order in question is not a § 1225(b)(1) order but a reinstatement of that order, and that a petition for review that challenges only the reinstatement process may be jurisdictionally available in the court of appeals.

The Ninth Circuit cited favorably to a prior Tenth Circuit decision in support of its holding. In *Lorenzo v. Mukasey*, 508 F.3d 1278, 1280 (10th Cir. 2007), the Tenth Circuit held that courts of appeals lack jurisdiction to review any constitutional or statutory claims related to an underlying expedited removal order issued under § 1225(b)(1). However, because a reinstatment order is a final order of removal, allegations relating to the reinstatement order that touch upon matters of constitutional law and statutory construction are within the court of appeals' jurisdiction under 8 U.S.C. § 1252(a)(2)(D). Thus, the court of appeals reviewed Lorenzo's claims that DHS failed to comply with the relevant regulations in reinstating her prior order of removal and that the reinstatement procedures contravene § 1229a(a)(1) and the Due Process Clause.

In *Lorenzo*, the Tenth Circuit cited favorably to the Eighth Circuit's decision in *Ochoa-Carrillo v. Gonzales*, 446 F.3d 781 (8th Cir. 2006). In that case, after ICE reinstated a prior expedited removal order, the petitioner filed both a petition for review in the court of appeals and a petition for a writ of habeas corpus in the district court. The court of appeals denied the petition for review and "urged the district court to transfer the habeas petition" to the court of appeals. The petitioner challenged the transfer, arguing that she was eligible for habeas review in the district court under § 1252(e). The court rejected that argument, stating that "[t]he flaw in this contention is that it improperly equates the initial removal order issued under § 1225(b)(1) with the order reinstating that removal order issued under § 1231(a)(5)." *Id.* at 782. Because § 1231(a)(5) states that the prior

9

order of removal "is not subject to being reopened or reviewed," the court concluded that "the limited habeas review of removal orders issued under § 1225(b)(1) that is authorized by § 1252(e)(2) may not be conducted in a § 1231(a)(5) reinstatement proceeding" and that is why "§ 1231(a)(5) reinstatement proceedings were excluded from the § 1252(e)(2) exception." *Id.* As a result, it held, "judicial review in the appropriate court of appeals is the 'sole and exclusive' means to review a § 1231(a)(5) order reinstating a prior order of removal." *Id.* Treating the transferred habeas petition as a petition for review, the court of appeals dismissed the petition because it had previously reviewed the reinstatement order via petitioner's petition for review.

This Court has located only one decision from the Fifth Circuit dealing with reinstatement of an expedited removal order, and it is unpublished and relies on precedent that does not involve expedited removal orders. In *Perez v. Gonzales*, 193 Fed. App'x 337 (5th Cir. 2006), the Fifth Circuit held that reinstatement of a previously issued order of removal or deportation is a final order and the Court had jurisdiction to review the lawfulness of the reinstatement order. *Id.* at 338 (citing *Ojeda-Terrazas*, 290 F.3d at 295). The Court held that it could not reopen or review the merits of the underlying, reinstated removal order, but indicated that, under *Ramirez-Molina*, the Court could review the validity of the underlying removal order under the gross miscarriage of justice standard.

Thus, although the Ninth Circuit has indicated that habeas relief is still available to reinstated expedited orders of removal under § 1252(e)(2), the Eighth Circuit holds that it is not. The Eighth Circuit's holding seems most consistent with the statutory language – section 1231(a)(5) provides both that the prior order of removal "is not subject to being reopened or reviewed" and that "the alien is not eligible and may not apply for any relief under this chapter."

Accordingly, it appears that this Court lacks jurisdiction over Solis-de Patino's habeas

petition because the order at issue is a reinstatement of an expedited removal order under § 1231(a)(5) rather than the expedited removal order itself. But even if such jurisdiction exists, it is limited to the grounds specified in § 1252(e)(2) – whether the petitioner is an alien, whether the petitioner was ordered removed under § 1225(b)(1), or whether petitioner can prove a certain status. Petitioner claims that because the original expedited order of removal was not appropriately executed and failed to comply with the regulations, she is raising the issue of whether "such an order was in fact issued." However, this ignores the additional limitations placed on this Court's review by § 1231(a)(5) – that the prior order of removal "is not subject to being reopened or reviewed." An argument that no prior order was issued because the prior order was defective requires this Court to review the underlying removal order, which is not permitted. *See Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292 (5th Cir. 2002) ("Section 241(a)(5) does not allow judicial review of the underlying previous removal order . . . ."). Thus, even if habeas jurisdiction exists in these circumstances, because Solis-de Patino does not raise one of the grounds for review permitted by § 1252(e)(2), the Court finds that it lacks jurisdiction over this claim.[4]

The Court also finds that no habeas relief is warranted based on Petitioner's Fourth Amendment claim. Petitioner claims that her arrest violated the Fourth Amendment because there was no reasonable suspicion or probable cause to arrest her, and she appears to argue that this violation provides a basis to vacate the removal order (see Response docket no. 7 at 2). However, any Fourth Amendment violation does not warrant such relief under these circumstances. *See I.N.S. v. Lopez-Mendoza*, 468 U.S. 1031 (1984) (rejecting application of the exclusionary rule in

---

[4] Petitioner cites *Sifuentes-Barraza v. Garcia*, 252 F. Supp. 2d 354, 360 (W.D. Tex. 2003), in support of her claim that this court may exercise habeas jurisdiction, but this Court previously concluded in a case involving a similar challenge that *Sifuentes-Barraza* is no longer good law following the REAL-ID Act. *Noor v. Gomez*, Civ. A. No. SA:08-CV-319-XR, 2008 WL 2462982 (W.D. Tex. June 13, 2008).

deportation proceedings absent egregious violations because it would compel the courts to release from custody persons who would then immediately resume their commission of a crime through their continuing, unlawful presence in this country).

With regard to Petitioner's due process arguments and challenge to the reinstatement, the Government argues that this claim is exclusively within the jurisdiction of the Court of Appeals via a petition for review. *Perez v. Gonzales*, *supra*, supports this argument, though as noted the Court did not expressly consider the fact that the reinstated order was an expedited removal order. Undoubtedly, however, this Court lacks jurisdiction over that claim.

The Court has considered whether a transfer to the Fifth Circuit under the authority of 28 U.S.C. § 1631 would be warranted, but finds that it cannot transfer the case because this petition was not filed within thirty days of the reinstatement order, which was dated February 24, 2011. *See Bentley v. Gonzales*, 194 Fed. App'x 200 (5th Cir. 2010) (holding that although § 1631 permits a transfer if the Court of Appeals would have been able to exercise jurisdiction on the date the case was filed in the district court, it lacked jurisdiction because the petition was not filed within thirty days of a final order of removal and petitioner failed to exhaust his administrative remedies).

The motion to dismiss (docket no. 7) is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

SIGNED this 4th day of October, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE